Minshall, J.
This case was submitted with the case of the State ex rel. v. Jennings et al., on an agreed statement of the facts. The two cases are similar in facts, the only difference being that all the defendants, but one, were, under an ordinance adopted June 23, 1897, employed by the council as “trimmers” in the Electric Light Plant of the city of Newark, and the other as “engineer” in the same department. The duties imposed on them by the ordinance are manual in character and are to be performed under the direction of the superintendent of the department and the council. The provision of the ordinance as to their employment is as follows :
“Section 7. That said council shall employ, to assist said superintendent in the running of said plant, one engineer who shall receive for his services not to exceed $66.66 per month; one fireman who *430 shall receive for his services not to exceed $50.00 per month, and as many trimmers as may be deemed necessary by said council, who shall each receive for his services not to exceed $45.00 per month, and such other persons, as in the opinion of the council may be necessary at a wage not to exceed $1.50 per day.”
There is no more reason for calling these “trimmers” and the “engineer” public officers, than there would be for calling a person employed to shovel dirt on the streets of the city, a public officer.
The writ must be refused on the authority of State ex rel. v. Jennings, just decided.

Writ refused and petition dismissed.